```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA
                         WESTERN DIVISION


IN RE:

DANIEL L. JACKSON                              Chapter 7
LORI L. JACKSON

      Debtors.                          Bankruptcy No. 07-01619S
```

MEMORANDUM DECISION RE OBJECTION TO EXEMPTION

Trustee Donald H. Molstad objects to debtors' exemption of a claim arising out of an automobile accident. Hearing on the objection was held November 13, 2007 in Sioux City. Molstad appeared as trustee; Kendra Olson appeared as attorney for debtors, Daniel and Lori Jackson. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The parties state that their dispute is legal, not factual. Only one exhibit was offered and admitted--Exhibit A, a statement attached to the check issued by an insurance company to pay the debtors' claim. For the reasons stated hereafter, I conclude that the debtors' accident claim is not exempt under Iowa Code § 627.6(6).

Jacksons filed their joint chapter 7 petition on September 5, 2007. On their schedule of personal property they listed joint ownership of a claim described as "Auto accident 11/2005 Settlement or lawsuit pending--still in fact finding stages." The asset was listed as having "unknown" value. They claimed it exempt to the extent of $20,000.00 under Iowa Code §§ 627.6(6) and 508.32. At hearing they conceded that Iowa Code § 508.32 is

not applicable.

They resisted trustee's objection, and asserted that payment was made to them as a result of an automobile accident and "pursuant to the terms of a liability policy insuring the other driver and persons harmed by his negligence, as defined in the policy" (doc. no. 23). Jacksons contend that the payment falls "within the literal meaning of the exemption statute, as an indemnity paid under an accident insurance policy." (Id.) Section 627.6(6) states in pertinent part:

> A benefit or indemnity paid under an accident, health, or disability insurance policy is exempt to the insured or in case of the insured's death to the spouse, child, or dependent of the insured, from the insured's debts.

Iowa Code § 627.6(6) (third paragraph).

Sometime during the pending bankruptcy, and unbeknownst to the trustee, Jacksons agreed to a settlement on the claim. On September 12, 2007, American National Property & Casualty Co. issued a check in the amount of $4,600.00 payable to Lori L. Jackson in settlement of a claim against Frances Ramirez (exhibit A). Lori Jackson negotiated the check and spent the money.

Trustee contends that Iowa Code § 627.6(6) is not applicable, as neither of the Jacksons was an "insured" under the liability policy. Jacksons' attorney concedes that normally the "insured" under such a contract is the person purchasing the insurance policy. The relevant policy was not offered into evidence, but counsel for Jacksons does not dispute that under the insurance contract, Jacksons are not insureds.

2

However, Jacksons contend that the exemption statute should be liberally construed in their favor.  They assert that they received a benefit or indemnity payment under an accident policy and that the statute should be construed to include them within the meaning of the term "insured" in exempting the payment.

I disagree.  The policy in question was an automobile insurance policy with liability coverage.  "[L]iability coverage ordinarily protects an insured against loss and injury to others resulting from use of a vehicle designated in the policy, for which the insured may be liable."  <u>Farmers Butter & Dairy Coop. v. Farm Bureau Mutual Ins. Co.</u>, 196 N.W.2d 533, 535 (Iowa 1972).  The policy in question is not covered by the cited paragraph of Iowa § 627.6(6).  It was not an accident policy contracted for by Jacksons.

Jacksons have cited no case authority for the proposition that they are insured parties under the motor vehicle liability coverage purchased by Ramirez.  Moreover, an entirely separate subsection covers the exemption of such a claim, <u>if</u> it is a claim for personal injury.  <u>See</u> Iowa Code § 627.6(15) (2007).

IT IS ORDERED that the trustee's objection to the Jacksons' claim of exemption in a claim arising from an automobile accident is sustained.  The property is not exempt under Iowa Code § 627.6(6).  Judgment shall enter accordingly.

DATED AND ENTERED  November 21, 2007

William L. Edmonds, Chief Bankruptcy Judge

3