UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE

DANIEL JACKSON                                              Chapter 7
and LORI JACKSON

    Debtors.                                        Bankruptcy No. 07-01619S

## ORDER RE TRUSTEE'S OBJECTION TO EXEMPTION

The matter before the court is the trustee's objection to the debtors' claim of exemption in the proceeds of a claim arising from an auto accident.  Trial of this contested matter proceeding took place January 8, 2008 in Sioux City.  Donald H. Molstad, Chapter 7 trustee, appeared on his own behalf.  Kendra M. Olson appeared as attorney for the debtors, Daniel and Lori Jackson.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The Jacksons filed their Chapter 7 petition on September 5, 2007.  They listed in their schedule of personal property a claim arising from an auto accident, and they claimed the property exempt under Iowa Code § 627.6(6) as an insurance benefit.  On November 21, 2007, the court issued a ruling sustaining the trustee's objection to the claim of exemption.  On November 26, debtors amended their schedules to claim the property exempt under Iowa Code § 627.6(15).  That subsection provides that exempt property includes–

    the debtor's interest in payments reasonably necessary

Case 07-01619   Doc 49   Filed 01/16/08   Entered 01/16/08 11:59:18   Desc Main
          Document      Page 2 of 6

> for the support of the debtor or the debtor's
> dependents to or for the benefit of the debtor or the
> debtor's dependents, including structured settlements,
> resulting from personal injury to the debtor or the
> debtor's dependents or the wrongful death of a decedent
> upon which the debtor or the debtor's dependents were
> dependent.

Iowa Code § 627.6(15) (as amended April 27, 2007 by H.F. 744).

Lori Jackson sustained personal injuries in an auto accident that occurred in about November 2005. She received $4,600 in settlement of her claim. The parties dispute whether the property was "reasonably necessary for the support" of the debtors and their dependents.

Lori Jackson works at Siouxland Blood Bank. On the date of the bankruptcy petition, her monthly net income was about $1,030. Daniel Jackson is disabled. He receives about $400 per month for a Social Security benefit and veteran's disability benefit of $115 per month. The couple's infant daughter also receives a benefit of about $146 per month on account of Daniel's disability. Lori Jackson estimates that current net household income from all sources is approximately $1,980. The Jacksons listed expenses totaling $2,644.70 on their bankruptcy Schedule J.

Daniel has another child living in Massachusetts for whom he pays support. The expense is shown on Schedule J as $787 per month, but Daniel does not pay that amount. Child support is paid through deductions from his Social Security payments. Half

of his benefit is collected for support.  The $400 that Daniel receives represents the remaining half.  Daniel owes a substantial amount for child support arrearages.

Around the same date as the filing of the petition, Daniel had knee surgery.  He received physical therapy treatment for a time, but did not continue the treatment after his Medicare benefits ran out.

On September 12, 2007, about a week after Jacksons filed their Chapter 7 petition, American National Property & Casualty Co. issued a check for $4,600 in settlement of the auto accident claim.  On September 17, the Jacksons cashed the check at EZ Money Check Cashing, which required payment of a $276.69 fee.  The Jacksons said they did not process the check through their checking account because the bank would have held the funds for ten days.

Prior to the date that the Jacksons received the settlement check, there was a water problem at their house.  A pipe broke and flooded the basement.  Because there is only one shut-off valve in the house, the family was without water for some time.  The Jacksons paid an acquaintance $480 to repair the plumbing and clean the basement on a weekend.

Prior to their meeting of creditors, the Jacksons had spent all of the money from the settlement.  They accounted for use of the balance of the funds as follows:

|         |                              |
|---------|------------------------------|
| $1,254  | two mortgage payments        |
| 300     | three weeks of daycare       |
| 232     | utility bill                 |
| 230     | cell phone service           |
| 160     | water bills                  |
| 130     | six months of life insurance |
| 60      | car insurance                |
| 120     | satellite television service |
| 139     | child car seat               |
| 143     | groceries                    |
| 180     | gas for car                  |
| 400     | work clothes                 |
| 167     | baby clothes                 |
| 64      | diapers                      |
| 42      | baby wipes                   |
| 470.80  | washer & dryer               |
| 193     | lost in stolen wallet        |

Jacksons purchased a used washer and dryer to replace machines that were not working.  They had been doing laundry for some time at the home of Lori's parents.  They purchased a car seat to replace an infant seat that their child has outgrown.  Their satellite service does not include movie channels or internet.  The amounts paid for water and cell phone service included some arrearages.

## Discussion

Iowa Code § 627.6(15) was enacted in 2006 to exempt a debtor's interest in payments reasonably necessary for support that result from a wrongful death claim.  This new subsection was amended in 2007 to exemption payments reasonably necessary for support that arise from a personal injury claim.  The court has not found any case law discussing § 627.6(15), but there is a

4

substantial body of case law discussing payments that are "reasonably necessary for support" under a prior version of the exemption for retirement benefits.  This court analyzed the issue on a case-by-case basis applying the non-exclusive factors listed in In re Flygstad, 56 B.R. 884 (Bankr. N.D. Iowa 1986).  See, e.g., In re Bromm, No. X90-01787F, slip op. at 3 (Bankr. N.D. Iowa April 11, 1991).

> In Flygstad, the court stated:
>
> In considering whether a debtor's right to payment in a profit sharing or pension plan is reasonably necessary for support, the Court will look to many factors, among them the following:
>
> (1) Debtor's present and anticipated living expenses; (2) Debtor's present and anticipated income from all sources; (3) Age of the debtor and dependents; (4) Health of the debtor and dependents; (5) Debtor's ability to work and earn a living; (6) Debtor's job skills, training, and education; (7) Debtor's other assets, including exempt assets; (8) Liquidity of other assets; (9) Debtor's ability to save for retirement; (10) Special needs of the debtor and dependents; (11) Debtor's financial obligations, e.g., alimony or support payments.

In re Flygstad, 56 B.R. at 889-890 (emphasis added).

The court will discuss those factors relevant to the Jacksons.  In Iowa, the median income of a family of three for the period including the date of the petition was $58,764.  See <http://www.usdoj.gov/ust/eo/bapcpa/meanstesting.htm>.  The 2007 poverty guideline for a family of three was $17,170.  See <http://aspe.hhs.gov/poverty/07poverty.shtml>.  The Jackson family has earned income below the poverty level.  Their income

5

rises a little above the poverty level with the addition of the benefits they receive on account of Daniel's disability. In view of their income, $4,600 is a relatively small sum. Daniel has health problems. The couple has a very young child. Daniel has a significant child support obligation. The family budget does not include a cushion for emergencies, such as the plumbing problem and broken appliances.

In the usual case, the court would consider the exemption issue prior to the debtors' expenditure of the funds and, therefore, would not examine how the money was spent. In this case, the Jacksons spent the money before the issue arose. It is not necessary to this decision to determine whether the funds were used for reasonable and necessary expenses. However, the Jacksons' use of nearly all the money for necessities supports a finding that the $4,600 was reasonably necessary for their support. The trustee's objection should be overruled.

IT IS ORDERED that the trustee's objection to the claim of exemption is overruled. The property is exempt under Iowa Code § 627.6(15). Judgment shall enter accordingly.

DATED AND ENTERED  January 16, 2008

William L. Edmonds, Chief Bankruptcy Judge